RICHARD A. VAZQUEZ (9128)
**SPENCER FANE LLP**
10 Exchange Place, Suite 1100
Salt Lake City, Utah 84111-2824
Telephone: (801) 521-9000
rvazquez@spencerfane.com

*Attorneys for Plaintiff Canal Insurance Company*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, a South Carolina Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA TRANSPORTATION, INC, a Utah corporation; and J.U., a minor domiciled in Utah,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br><br>Civil No.:  2:26-cv-00498<br><br>Judge: |

Plaintiff Canal Insurance Company ("Canal") complains and seeks a declaratory judgment as follows:

**PARTIES, JURISDICTION, THE POLICY, AND APPLICABLE LAW**

1.      Canal is a South Carolina corporation, with its principal place of business in South Carolina, authorized to do business and write insurance policies in the State of Utah.

2.      Canal issued Insurance Policy No. CT767897001 to named insured Montana

SLC 8007647.1

Transportation Inc, a Defendant in this action, with a policy term of November 5, 2024, at 12:01 a.m. to November 5, 2025, at 12:01 a.m. (the "Policy").

3.    The Policy provides Uninsured/Underinsured Motorist (UM/UIM) benefits to individuals qualifying as "insureds" for such coverages in the amount of $100,000 per person and $100,000 per accident.

4.    A true and correct copy of the Policy, with premium and/or proprietary information redacted, is attached hereto as **Exhibit A** and is incorporated by reference herein.

5.    Defendant Montana Transportation Inc, ("Montana Transportation") is a Utah corporation with its principal place of business in Utah.

6.    Non-party Jaime Uribe, is the principal and/or owner of Montana Transportation, Inc, and is domiciled in Utah.

7.    Defendant J.U. is, upon information and belief, a minor domiciled in Utah.

8.    Defendant J.U. is the son of Jaime Uribe.

9.    There is complete diversity of citizenship among plaintiff and all defendants.

10.   The amount in controversy exceeds $75,000 exclusive of interest and costs.

11.   Jurisdiction is therefore proper in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. § 1332.

12.   Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

13.   Utah law applies to this declaratory judgment action.

## THE POLICY APPLICATION

14.   Paragraphs 1-13 are incorporated by reference.

2

SLC 8007647.1

15.	Prior to the Policy being issued to Montana Transportation, Jaime Uribe completed the Policy's Utah Supplemental Application on behalf of Montana Transportation on November 1, 2024.

16.	A true and correct copy of the Policy's Utah Supplemental Application is attached hereto as **Exhibit B** and is incorporated by reference herein.

17.	Jaime Uribe initialed "J U", his initials, six separate times in the Utah Supplemental Application, and signed his full name twice, which appear in the completed Utah Supplemental Application as follows:

Please indicate your <u>Uninsured Motorist Bodily Injury Coverage (UMBI)</u> selection or rejection below and indicate your choice by initialing to the left of the option you choose:

I do not want UMBI Coverage and choose to reject UMBI Coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by the owner or operator of an 'uninsured motor vehicle."



I elect to purchase UMBI Coverage at the per person/per accident limits selected below. I understand that I may select UMBI Coverage *lower than or equal to* the Bodily Injury Coverage Limits of my policy, but I cannot purchase UMBI Coverage Limits in excess of my Bodily Injury Coverage Limits.

(Please note: all premiums displayed are per unit).

| Initial | Limits Offered | Premium per Unit |
|---|---|---|
| | $25,000/$65,000 | $28 |
| | $65,000/$65,000 | $31 |
| | $80,000/$80,000 | $33 |
| | $85,000/$85,000 | $34 |
| INITIAL HERE → J.U | $100,000/$100,000 | $36 |
| | $300,000/$300,000 | $47 |
| | $350,000/$350,000 | $49 |
| | $500,000/$500,000 | $52 |
| | $750,000/$750,000 | $56 |
| | $1,000,000/$1,000,000 | $59 |

3

SLC 8007647.1

Please indicate your <u>Underinsured Motorist Bodily Injury Coverage (UIMBI)</u> selection or rejection below and indicate your choice by initialing to the left of the option you choose:

_____  I do not want UIMBI Coverage and choose to reject UIMBI Coverage. I understand that I will not be compensated through UIMBI coverage for losses arising from an accident caused by the owner or operator of an "uninsured motor vehicle."

 I elect to purchase UIMBI Coverage at the per person/per accident limits selected below. I understand that I may purchase UIMBI Coverage *lower than or equal to* the Bodily Injury Coverage Limits of my policy, but I cannot purchase UIMBI Coverage Limits in excess of my Bodily Injury Coverage Limits.

(Please note: all premiums displayed are per unit).

| Initial | Limits Offered | Premium per Unit |
|---|---|---|
| _____ | $10,000/$20,000 | $21 |
| _____ | $25,000/$65,000 | $85 |
| _____ | $65,000/$65,000 | $96 |
| _____ | $80,000/$80,000 | $112 |
| _____ | $85,000/$85,000 | $117 |
| INITIAL HERE ⟩ JU | $100,000/$100,000 | $132 |
| _____ | $300,000/$300,000 | $248 |
| _____ | $350,000/$350,000 | $266 |
| _____ | $500,000/$500,000 | $310 |
| _____ | $750,000/$750,000 | $353 |
| _____ | $1,000,000/$1,000,000 | $385 |

Please indicate your <u>Uninsured Motorist Property Damage Coverage (UMPD)</u> selection or rejection below and indicate your choice by initialing to the left of the option you choose:

NITIAL HERE ⟩ JU   I do not want UMPD Coverage and choose to reject UMPD Coverage. I understand that I will not be compensated through UMPD coverage for property damage losses arising from an accident caused by the owner or operator of an "uninsured motor vehicle."

_____  I elect to purchase UMPD Coverage at the limit selected below.

*Note: This option is only available if the policy does **not** provide insurance for collision damage (pursuant to UT ST 31A-22-305.5).*

(Please note: all premiums displayed are per unit).

| Initial | Limits Offered | Premium per Unit | Deductible |
|---|---|---|---|
| _____ | $3,500 | $15 | $250.00 |
| _____ | $4,000 | $17 | $250.00 |
| _____ | $5,000 | $18 | $250.00 |
| _____ | $10,000 | $22 | $250.00 |
| _____ | $15,000 | $23 | $250.00 |
| _____ | $25,000 | $24 | $250.00 |
| _____ | $50,000 | $26 | $250.00 |
| _____ | $100,000 | $28 | $250.00 |

4

## PERSONAL INJURY PROTECTION COVERAGE

### WAIVER OF LOSS OF INCOME BENEFITS

A 1994 Utah law added a new option to insurance coverage for Personal Injury Protection, Income Benefits.
Income Benefits coverage provides, per person, the lesser of:

1. $250 per week, or

2. 85% of any loss of gross income, or loss of earning capacity from the inability to work,

for up to a maximum of 52 weeks after an injury arising out of a loss covered by Personal Injury Protection insurance.

The first 3 days of disability are excluded, unless the disability continues for longer than 2 consecutive weeks after the injury.

The new option provides that the named insured may elect to waive Income Benefits coverage for the named insured and the named insured's spouse, for a reduction in premium, if the conditions shown below apply.

Please read the conditions stated below, and check the appropriate statement:

1. Within the past 31 days, and for the next 180 days or for the period this insurance is effective, whichever is longer, neither I nor my spouse have received, and will not receive any earned income from regular employment.

2. If the above statement is true, you may choose one of the following by initialing on the line next to your selection:

**INITIAL HERE** ➡ _____ I waive Income Benefits coverage for both myself and my spouse.

_____ I want to continue Income Benefits coverage for myself and my spouse.

Coverage is generally described here. Only the policy provides a complete description of the coverages and their limitations.

I understand these coverage selections will apply to all future renewals, continuations and changes in my policy unless I notify the company otherwise in writing.

_____    **SIGN HERE**

Named Insured's Signature

## APPLICANT'S ACKNOWLEDGEMENT

The undersigned hereby acknowledges they have read, or have had read to them and understand, the above explanations and offers of Uninsured Bodily Injury Coverage and Underinsured Motorist Coverage, Uninsured Motorist Property Damage Coverage and Personal Injury Protection Coverage. Coverage is only generally described here, and only the policy provides a complete description of the coverages and their limitations. Selections have been made by initialing the appropriate lines above. The signature appearing below is that of the named insured or authorization has been given to the signer of this form to select or reject coverage and limits on the behalf of the named insured.

**YOUR SELECTION OR REJECTION OF COVERAGE IS BINDING ON ALL PERSONS AND ALL VEHICLES**

**INSURED UNDER THIS POLICY AND WILL APPLY TO ALL FUTURE RENEWALS, CONTINUATIONS AND CHANGES IN THIS POLICY UNLESS YOU NOTIFY THE COMPANY OTHERWISE IN WRITING.**

Applicant/ Named Insured: _____    **SIGN HERE** Date:    11/1/24

Title: President

5

SLC 8007647.1

## THE ACCIDENT

18.     Paragraphs 1 through 17 are incorporated by reference.

19.     On September 11, 2025, at approximately 5:10 p.m., a motor vehicle versus bicycle collision occurred at 72 West 1410 South Street in Payson, Utah, involving J.U. and a 2000 Ford Expedition driven by non-party Kelly Kennard (the "Accident" hereafter).

20.     At the time of the Accident, J.U. was traveling home on his bicycle.

21.     While J.U. was proceeding into and along a roadway, the 2000 Ford Expedition driven by Kelly Kennard collided with J.U.'s bicycle.

22.     J.U. was injured as a result of the Accident.

## J.U.'S UIM DEMAND TO CANAL, CANAL'S DISCLAIMER, AND RELATED CORRESPONDENCE

23.     Paragraphs 1 through 22 are incorporated by reference.

24.     In a letter dated February 4, 2026 emailed to Sareatha.Fulton@canal-ins.com, J.U., through his attorney Peter Mifflin of Robert J. DeBry & Associates, made an Underinsured Motorist benefits ("UIM") claim and demand upon Canal under the Policy, in the amount of $1,000,000.  A true and correct copy of this demand letter ("Demand" hereafter) is attached hereto as **Exhibit C**.

25.     In a letter from Sareatha Fulton dated March 3, 2026 to Mr. Mifflin, Canal denied J.U.'s claim/Demand, and detailed the rationale for its coverage decision. A true and correct copy of that letter is attached hereto as **Exhibit D**.

26.     In an email dated March 3, 2026 from Mr. Mifflin to Ms. Fulton, Mr. Mifflin disputed the rationale for Canal's coverage decision.  A true and correct copy of that email is attached hereto as **Exhibit E**.

6

27.     In a letter from Natalie Phillips to Mr. Mifflin dated March 26, 2026, Canal reiterated its coverage denial and provided legal analysis relevant to its coverage decision.  A true and correct copy of that letter is attached hereto as **Exhibit F**.

28.     In an email dated March 26, 2026 from Mr. Mifflin to Ms. Phillips disputed the rationale for Canal's coverage decision.  A true and correct copy of that email is attached hereto as **Exhibit G**.

29.     In an email dated March 31, 2026 from Ms. Phillips to Mr. Mifflin, reiterated its coverage denial and reaffirmed its previous analysis. A true and correct copy of that email is attached hereto as **Exhibit H**.

30.     Mr. Mifflin sent an Underinsured Motorist benefits ("UIM") arbitration demand, citing Utah Code Ann. § 31A-22.305.3 *et. seq.* to Canal dated April 29, 2026.  A true and correct copy of this letter, without exhibits attached, is attached hereto as **Exhibit I**.

31.     In a letter to Mr. Mifflin from Ms. Phillips dated May 27, 2026, Canal responded stating that arbitration of J.U.'s claimed UIM damages was improper given Canal's coverage denial, and citing Utah Code Ann. § 31A-22.305.3(8)(m) which states that "[t]he [UIM] arbitrator or arbitration panel may not decide an issue of coverage or extra-contractual damages, including…(i) whether the claimant is a covered person; (ii) whether the policy extends coverage to the loss…"  A true and correct copy of this letter is attached hereto **Exhibit J**.

### RELEVANT POLICY LANGUAGE AND ITS APPLICATION

32.     Paragraphs 1 though 31 are incorporated by reference.

33.     Some relevant language from the Policy applicable to J.U.'s UIM claim and Demand reads as follows:

SLC 8007647.1

## BUSINESS AUTO DECLARATIONS

### ITEM TWO
### SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS** | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| LIABILITY | 7 | $1,000,000 | $ (REDACTED) |
| UNINSURED MOTORISTS | 7 | $100,000/100,000 | $ (REDACTED) |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 7 | $100,000/100,000 | $ (REDACTED) |

The Policy's Business Auto Coverage Form further states, in relevant part, as follows:

### SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description of Covered Auto Designation Symbols

\* \* \* \*

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

\* \* \* \*

8

SLC 8007647.1

## B. Owned Autos

\* \* \* \*

2. But, if Symbol 7 is entered next to coverage in Item Two of the Declarations, an "auto" you acquire after the policy period begins will be a covered "auto" for that coverage only if:
   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and
   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

\* \* \* \*

## SECTION V – DEFINITIONS

\* \* \* \*

B. "Auto" means:

1. Land motor vehicle, trailer or semitrailer designed for travel on public roads; or
2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

\* \* \* \*

The Policy also contains the Utah Underinsured Motorists Coverage Endorsement (CA 31 06 11 20) which provides, in relevant part, as follows:

A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The

damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

\* \* \* \*

B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

\* \* \* \*

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto"...

\* \* \* \*

SLC 8007647.1

**F. Additional Definitions**

As used in this endorsement

\* \* \* \*

**2.** "Occupying" means in, upon, using, getting in, on, out or off.

\* \* \* \*

34.     Additionally, the Policy defines "underinsured motor vehicle" in relevant part  as a land motor vehicle or "trailer" for which a bodily injury liability bond or policy applies at the time of the "accident", but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages caused by the "accident"

35.     It is presently unknown whether any insurer of the Ford 2000 Expedition driven by Kelly Kennard has paid any amount to J.U. for his injuries sustained in the Accident.

36.     The Policy affords UIM benefits to "insureds" for sums they are legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle".

37.     The damages must result from "bodily injury" sustained by the "insured" caused by an "accident" and the owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

38.     Because the named insured on the Policy, Montana Transportation Inc, is a corporation, the Policy provides that "insureds" for purposes of UIM benefits include anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto".

39.     At the time of the accident, J.U. was on a bicycle. As such, at the time of the accident, he was not "occupying" any vehicle.

40.     Additionally, neither a covered "auto" nor a temporary substitute for a covered "auto" was in any way involved in the accident.

10

SLC 8007647.1

41.    The Policy defines covered "autos" for UIM utilizing Symbol 7, Specifically Described "Autos", which include those "autos" described on the Policy's Declarations page and newly acquired vehicles in limited circumstances.

42.    To qualify as a newly acquired "auto" after the policy period begins: (a) the vehicle must replace a previously-covered "auto" or Canal must already cover all "autos" Montana Transportation Inc owns for that coverage; and (b) the vehicle must be requested to be added to the Policy within thirty (30) days of its acquisition.

43.    The only motor vehicle involved in the alleged accident, the 2000 Ford Expedition driven by Kelly Kennard, does not qualify as a covered "auto" or temporary substitute for a covered "auto" as defined in the Policy.

44.    J.U. does not qualify under the Policy as an "insured."

45.    For the foregoing reasons and perhaps others (such as, for example, the Ford 2000 Expedition possibly not qualifying as an "underinsured motor vehicle" as defined in the Policy), no UM/UIM benefits are afforded for his injuries arising out of J.U.'s claim/accident and detailed in his Demand.

46.    An actual and justiciable controversy has arisen between the parties regarding their respective rights and obligations under the Policy, and whether the Policy issued to Defendant Montana Transportation provides coverage for the damages sought in Defendant J.U.'s UIM claim and Demand.

47.    There is no adequate remedy by which these controversies may be resolved other than the relief requested herein.

SLC 8007647.1

48.     Canal therefore respectfully requests that this Court adjudicate and declare the rights and obligations of the parties under the Policy pursuant to Rule 57, Federal Rules of Civil Procedure, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

## CAUSE OF ACTION

### DECLARATORY JUDGMENT – NO COVERAGE FOR DEFENDANT J.U.'S CLAIM UNDER THE POLICY ISSUED TO MONTANA TRANSPORTATION

49.     Paragraphs 1 through 48 are incorporated by reference.

50.     There is no coverage under the Canal Policy for UM/UIM benefits for J.U.'s accident, claim, and Demand.

51.     The terms of the Policy bar UM/UIM coverage for the accident, claim, and Demand.

52.     J.U. is not an "insured" under the Policy for purposes of UM/UIM coverage for the accident, claim and Demand.

53.     Other Policy provisions may also operate to bar coverage.

54.     Canal is therefore entitled to a declaratory judgment that the Policy provides no UM/UIM coverage for the damages sought by J.U. arising from the accident and claim and detailed in his Demand.

## PRAYER FOR RELIEF

WHEREFORE Canal Insurance Company prays:

1.  That the Court declare the rights and obligations of each of the parties with regard to the dispute;

2.     That the Court enter declaratory judgment in its favor, declaring that there is no

SLC 8007647.1

UM/UIM coverage under the Policy for J.U.'s claimed damages arising out of the accident and claim, and detailed in his Demand;

    3.    For costs of suit; and,

    4.    Any other relief that the Court deems just and equitable.

DATED this 27th day of May, 2026.

**SPENCER FANE LLP**

/s/ Richard A. Vazquez

Richard A. Vazquez
*Attorneys for Plaintiff Canal Insurance Company*

Plaintiff's Address:
101 N. Main Street
Greenville, SC 29601

13

SLC 8007647.1